FILED
10/6/2021 2:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kayla Buckley DEPUTY

## CAUSE NO. DC-21-14823

| | | |
|---|---|---|
| BILLIE JEAN HUFFMAN, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | **44th** |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| WALMART INC., | § | |
| *Defendant.* | § | |
| | § | JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Billie Jean Huffman, ("Plaintiff") hereby files this *Original Petition* against Defendant Walmart Inc., d/b/a/ Walmart Supercenter #880 ("Defendant" or "Walmart") and would show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, discovery should be conducted pursuant to Discovery Control Plan Level 2.

### II. THE PARTIES

2. Plaintiff Bille Jean Huffman is an individual residing in Irving, Texas.

3. Defendant Walmart Inc., d/b/a/ Walmart Supercenter #880 is a Arkansas corporation whose principal place of business is located at 702 SW 8th Street #555 Bentonville, AR 72716-6299. Defendant may be served by serving process on its registered agent: C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or at any place where such authorized agent may be found.

### III. STATEMENT OF RELIEF

**EXHIBIT C**

4.      As set forth in more below, Plaintiff alleges claims and cause of action based on personal injury resulting from a slipped and fell due to a poorly maintained and inappropiately placed clearning mop and cart on Defendant's premises. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgement interest, post-judgment interest, and attorney's fees. However, Plaintiff reserves the right to amend this petition in the event that its claim is revealed to be in excess of such amount. Additionally, Plaintiff seeks all further relief, both general and specific, legal or equitable, to which it may justly be entitled.

## IV. JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter because the amount-in-controversy exceeds the minimum jurisdiction threshold.

6.      This Court has personal, both general and specific, over the parties because Defendant is a resident of Texas and/or all or substantial part of the relevant events, acts, and/or omissions giving rise to the claims and/or causes of action set forth herein occurred in Texas.

7.      Pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Dallas County because all or substantial part of the relevant events, acts, and/or omissions giving rise to the claims and/or causes of action set forth herein occurred in Dallas County.

## V. FACTUAL BACKGROUND

8.      This case arises out of Defendant's negligence and failure to maintain its property safe for its invitees and the improper training of employees. Defendant is the owner of the property known as Walmart Supercenter #880 Store General located at 4100 W Airport Freeway, Irving, TX 75062 - where the incident took place.

2

9.      Defendant had the right to control maintain the premises in proper and good condition. Defendant had the duty to make repairs, alterations, and replacements to the premises for the continued safe operation of the premises. Additionally, Defendant had the responsibility to require that all store employees learn and be in compliance with the store's general safety procedures.

10.     Here, Defendant was negligent in performing its duty to maintain the store premises for the continued safe and orderly operation of the store and its employees failed to follow safety procedures. Therefore, Defendant was negligent in these duties of operations and increased the probability and severity of any injuries to its invitees.

11.     On or about September 22, 2021, Plaintiff was shopping in Defendant's store. Plaintiff was injured when the instructed she was in the bagging area by the cashier. After Plaintiff attempted to retrieve her bag she slipped and fell on a mop and cart that were placed hazardously next to her. Plaintiff fell and hurt her legs as they bent beneath her. As a result, Plaintiff injured her back, knees, and hips.

12.     After the incident, Plaintiff immediately reported the incident to a store employee and Plaintiff was transported to the Emergency Room. Plaintiff has been seeking medical treatment and has been in pain and suffering.

13.     Plaintiff asserts that the Defendant's negligent failure to properly maintain and train the employees on its premises, resulted in improperly the hazardous placement of cleaning items on the store floor where patrons frequented.

14.     Plaintiff asserts that the Defendant was responsible for providing a safe environment and/or area for the Plaintiff, as an invitee at the time of the incident and that the

3

Defendant and its employees/agents, were responsible for creating an unreasonably dangerous condition to invitees, including Plaintiff.

15.     Accordingly, Defendant's agents and employees, were aware, or reasonably should have been aware, that an unreasonably dangerous condition existed and/or could have existed due to Defendant's negligent conduct, yet made no efforts were made to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the dangerous condition.

16.     As a result of Plaintiff's incident described herein, Plaintiff sustained serious and permanent personal injuries and damages.

### VI. CAUSES OF ACTION

#### A. NEGLIGENCE (AGAINST DEFENDANT)

17.     All preceding paragraphs are incorporated herein as if fully set forth.

18.     Plaintiff specifically alleges that upon the occasion in question, Defendant failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

    a.     Failure to keep their premises reasonably safe for their customers;

    b.     Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

    c.     Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

    d.     Failure to maintain and enforce policies for inspecting the premises for unreasonably dangerous conditions;

    e.     Permitting a dangerous condition, of which Defendants should have reasonably been aware, to exist for an unreasonable period of time;

    f.     Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendants had actual or constructive knowledge;

4

g.  Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

h.  Failure to adequately train their employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

i.  Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

j.  Failure to terminate employee's incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

k.  Failure to provide proper maintenance to the store shelves/racks to prevent unreasonably dangerous conditions.

19.  Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## B. NEGLIGENCE OF THE DEFENDANT'S EMPLOYEES

20.  Plaintiff alleges that upon the occasion in question, the Defendant's employees failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

a.  Failure to keep the premises reasonably safe for its customers;

b.  Failure to eliminate any unreasonably dangerous conditions;

c.  Causing an unreasonably dangerous condition;

d.  Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions of which the employees had actual or constructive knowledge.

e.  Failure to properly supervise and train employees to be in compliance with safety procedures, whereas, the lack of training caused a dangerous condition on the premises where numerous customers were.

5

21.     Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## C. NEGLIGENCE – PREMISES LIABILITY

22.     Pleading in the alternative, Plaintiff would show that she was an invitee on Defendant's premises. Defendant had actual or constructive knowledge of the condition on the premises in question. The condition posed an unreasonable risk of harm to Plaintiff. Defendant did not exercise reasonable care to reduce or eliminate the risk and the Defendant's failure to exercise such care proximately caused Plaintiff's injuries.

23.     Defendant's negligence and failure to use ordinary care was the direct and proximate cause of the incident in question and of Plaintiff's damages and personal injuries. Defendant was guilty of the following acts of negligence and common law negligence, each of which was the direct and proximate cause of Plaintiff's injuries and damages, to-wit:

a.     Failing to maintain a safe property;

b.     Failing to make sure that the store shelves/racks were secure and properly maintained in order to prevent catastrophe;

c.     Failing to maintain a property free from unnecessary hazards;

d.     Failing to properly supervise the operation of its facility;

e.     Failing to warn Plaintiff and the public of an unreasonably dangerous condition;

f.     Failing to provide proper maintenance to the shelves/racks to prevent unreasonably dangerous conditions.

g.     Failing to properly inspect the grounds to prevent injuries, which Defendants knew or should have known of, yet failed to take affirmative steps to remove, reduce and/or warn others of same; and

h.     Other acts deemed negligent.

6

24.     Because of the foreseeability of injury to Plaintiff and the public was so apparent, yet utterly disregarded by Defendant, Defendant is liable to Plaintiff for Negligence, Malice and/or gross negligence and same was a proximate cause of the occurrence in question and/or of Plaintiff's damages.

**D,     NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION**

25.     Plaintiff re-alleges and incorporates herein by reference as though fully set forth each and every allegation containing in Paragraphs 1 through 16 of this Petition.

26.     As an invitee of the store, Defendant owed a duty to Plaintiff to hire, supervise, train, and retain its employees.

27.     Defendant breached that duty by failing to adequately hire, train, supervise competent employees to staff and maintain the premises in a safe fashion.

28.     Defendant's breach was a proximate cause of the injuries sustained by Plaintiff while she was an invitee at the Defendant's Walmart Supercenter Store #880 on September 22, 2021.

**E.     GROSS NEGLIGENCE**

29.     Plaintiff re-alleges and incorporates herein by reference as though fully set forth each and every allegation containing in Paragraphs 1 through 16 of this Petition.

30.     Plaintiff's injuries resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary damages. Defendant's conduct as exhibited by Defendant's employees, when viewed objectively from Defendant's standpoint at the time of this incident and with the knowledge that it had regarding the importance of maintaining all equipment securly, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

31.     Defendant had actual, subjective awareness of the risk to Plaintiff, but failed to fix and/or remedy the cleaning supplies in the store and proceeded in improperly allowing employees to place clearning supplies in a dangerous fashion by having numerous items out thus exhibiting a gross negligence towards the safety and welfare of Plaintiff and other invitees.

### F. RESPONDEAT SUPERIOR

32.     At all relevant times herein, all of the agents, servants, or employees of Defendants who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendant and renders Defendant liable for all damages suffered by Plaintiff under the doctrine of respondeat superior.

## VII.   DAMAGES

33.     As a result of the incident described above, Plaintiff seeks damages including, but not necessarily limited to the following:

        a      Medical expenses incurred in the past;

        b.     Medical expenses likely to be incurred in the future;

        c.     Physical pain and suffering sustained in the past;

        d.     Physical pain and suffering likely to be sustained in the future;

        e.     Mental anguish sustained in the past;

        f.     Mental anguish likely to be sustained in the future;

        g.     Physical impairment sustained in the past;

        h.     Physical impairment likely to be sustained in the future;

        i.     Prejudgment interest;

8

j.     Post judgment interest;

k.     Costs of court;

l.     Loss of Earnings; and

m.     All such other and further relief, special or general, legal or equitable, to which Plaintiff may show herself to be justly entitled.

## VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and, upon final hearing of this cause, Plaintiff has judgment against Defendants for damages described herein, for costs of suit, pre-judgment and post-judgment interest at the maximum legal rates. Plaintiff also prays for actual and exemplary and punitive damages in an amount that exceeds the minimum jurisdictional limits of the Court, and for all further relief, special or general, legal or equitable, to which Plaintiff may show herself to be justly entitled.

Dated: October 6, 2021.

Respectfully submitted,

BUSH & BUSH LAW GROUP

*Charles J. Bush*

Charles Bush
Texas Bar No. 24096028
Email: cbush@bushlawgrp.com
Cynthia Castanon
Texas Bar No. 24093492
Email: ccastanon@bushlawgrp.com
3710 Rawlins Street, Suite 1420
Dallas, Texas 75219
Telephone: (214) 615-6394
Facsimile: (833) 817-6428
**E-service only:** service@bushlawgrp.com
**Attorneys for Plaintiff Billie J Huffman**

9

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cynthia Castanon on behalf of Cynthia Castanon
Bar No. 24093492
ccastanon@bushlawgrp.com
Envelope ID: 57939853
Status as of 10/11/2021 9:13 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Andrew Yoo | | ajackson@bushlawgrp.com | 10/6/2021 2:39:14 PM | SENT |
| Charles JonathanBush | | cbush@bushlawgrp.com | 10/6/2021 2:39:14 PM | SENT |
| Charles Bush | | service@bushlawgrp.com | 10/6/2021 2:39:14 PM | SENT |
| Cynthia Castanon | | ccastanon@bushlawgrp.com | 10/6/2021 2:39:14 PM | SENT |
| Rhonda Herbert | | rherbert@bushlawgrp.com | 10/6/2021 2:39:14 PM | SENT |

**CT Corporation**

**Service of Process Transmittal**
10/15/2021
CT Log Number 540425567

TO: Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE: **Process Served in Texas**

FOR: WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: HUFFMAN BILLIE JEAN // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Citation(s), Return(s), Petition, Certificate(s) |
| **COURT/AGENCY:** | 44th Judicial District Court Dallas County, TX<br>Case # DC2114823 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/22/2021, Walmart Supercenter #880 located at 4100 W Airport Freeway, Irving, TX, 75062 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/15/2021 at 02:50 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Charles J. Bush<br>Bush & Bush Law Group<br>3710 Rawlins Street, Suite 1420<br>Dallas, TX 75219<br>214-615-6394 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/15/2021, Expected Purge Date: 10/20/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Oct 15, 2021

**Server Name:**                   Gean Smith

| Entity Served | WALMART INC. |
|---|---|
| Case Number | DC-21-14823 |
| Jurisdiction | TX |



# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **WALMART INC. d/b/a WALMART SUPERCENTER #8800**
       **BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
       **1999 BRYAN ST STE 900**
       **DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be
addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BILLIE JEAN HUFFMAN**

Filed in said Court  **6th day of October, 2021** against

**WALMART INC. d/b/a WALMART SUPERCENTER #8800**

For Suit, said suit being numbered **DC-21-14823,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation.  If this
citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By *Carlenia Bouligny*
     CARLENIA BOULIGNY

---

**ATTY**

**CITATION**

**DC-21-14823**

**BILLIE JEAN HUFFMAN**
Vs.
**WALMART INC**

**ISSUED THIS**
**13th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
**CHARLES BUSH**
BUSH & BUSH LAW GROUP
3710 RAWLINS ST STE 1420
DALLAS TX  75219
214-615-6394
service@bushlawgrp.com

**DALLAS COUNTY CONSTABLE**
**FEES**          **FEES NOT**
**PAID**          **PAID**

---

Rec'd Date _10-13-21_ Rec'd Time _5:00A_

Service To _____

Date _10-15-21_   Time _12:45 P_

Gean O. Smith   PSC-4683
Sig. _____

## OFFICER'S RETURN

Case No. : DC-21-14823

Court No.44th District Court

Style: BILLIE JEAN HUFFMAN

Vs.

WALMART INC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at

_____, within the County of _____ at _____ o'clock _____ .M. on the

_____ day of_____, 20_____, by delivering to the within named

_____

_____

Each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  | For serving Citation | $_____ | _____ |
|  | For mileage | $ _____ | of _____ County, _____ |
|  | For Notary | $_____ | by _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

To certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

CAUSE NO. DC-21-14823

| | | |
|---|---|---|
| BILLIE JEAN HUFFMAN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant(s). | § | 44TH JUDICIAL DISTRICT |

## STATUS CONFERENCE ORDER

Please be advised that the above-referenced matter is hereby set for a status conference/dismissal hearing at:

### 9:00 a.m. on November 19, 2021

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power.

Signed this 12th day of October, 2021.

_____
JUDGE PRESIDING

FILED
10/25/2021 10:14 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**   **WALMART INC. d/b/a WALMART SUPERCENTER #8800**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX  75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BILLIE JEAN HUFFMAN**

Filed in said Court **6th day of October, 2021** against

**WALMART INC. d/b/a WALMART SUPERCENTER #8800**

For Suit, said suit being numbered **DC-21-14823,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Carlenia Bouligny_ , Deputy
       CARLENIA BOULIGNY

---

**ATTY**

**CITATION**

**DC-21-14823**

**BILLIE JEAN HUFFMAN**
Vs.
**WALMART INC**

ISSUED THIS
**13th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
**CHARLES BUSH**
BUSH & BUSH LAW GROUP
3710 RAWLINS ST STE 1420
DALLAS TX  75219
214-615-6394
**service@bushlawgrp.com**

**DALLAS COUNTY CONSTABLE**

| FEES PAID | FEES NOT PAID |

## OFFICER'S RETURN

Case No. : DC-21-14823

Court No.44th District Court

Style: BILLIE JEAN HUFFMAN

Vs.

WALMART INC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at

_____, within the County of _____ at _____ o'clock _____ .M. on the

_____ day of _____, 20_____, by delivering to the within named

_____

Each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | by _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

To certify which witness my hand and seal of office.

_____

Notary Public _____ County _____



## AFFIDAVIT OF SERVICE

### CAUSE NO: DC-21-14823

| | |
|---|---|
| **BILLIE JEAN HUFFMAN,**<br>   **Plaintiff,** | **IN THE DISTRICT COURT** |
| **Vs.** | **44th JUDICIAL DISTRICT** |
| **WALMART, INC.,**<br>   **Defendant,** | **DALLAS COUNTY, TEXAS** |

Documents: CITATION AND PLAINTIFF'S ORIGINAL PETITION

I, Gean O. Smith, received the above documents on: __OCTOBER 15, 2021__ at __5:00__ __P.M.__ to be delivered to:

**WALMART, INC., d/b/a WALMART SUPERCENTER #8800**
**REGISTERD AGENT, CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TEXAS 75201**

I, ___**GEAN O. SMITH**_____, the undersigned, being duly sworn, depose and say, that I am duly authorized under Rule 103 and 536(a) to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to or otherwise interested in this matter. Delivery of said documents occurred in the following manner:

By delivering to: __WALMART, INC., d/b/a WALMART SUPERCENTER #8800, BY AND THROUGH TERRI THONGSAVAT (white female, age 40, 5'6" tall, 150 lbs, brown hair__

(Title / Relationship): ___**INTAKE ASSOCIATE FOR REGISTERED AGENT, CT CORPORATION SYSTEM**___

Address of Service: ___**1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201, (DALLAS COUNTY, TEXAS)**___

Date of Service: ___**OCTOBER 15, 2021**___ Time of Service: _____**12:45 P.M.**_____

**Type of Service:**

☐ **PERSONAL SERVICE:** Individually and personally to the above named recipient.

☐ **SUBSTITUTE SERVICE:** By leaving a true copy of said process with a person therein, who is of suitable age, at the above listed address, which is the usual place of abode or dwelling house of the above named person.

■ **CORPORATION / PARTNERSHIP:** By delivering a true copy of said process to an officer, registered agent, partner or anyone available to accept service for the above named entity whose name and title is listed above.

☐ **POSTING WITH COURT ORDER:** By posting a true copy of said process along with a true copy of the Court Order with the date of service endorsed thereon by me, to the front entrance of the above listed address of service, which is the usual place of abode or dwelling house of the above named person, in compliance with state statues and per Rule 106 Order.

☐

"I declare under penalties of perjury that the information contained herein is true and correct"

*Gean O. Smith*
Signature
**GEAN O. SMITH**        PSC# __4683__
Authorized Person        Exp: __01/31/2022__

Subscribed and sworn to before me, a notary public on _OCTOBER 16_____, 20_21_

*Shirley Nell McClellan*
**Notary Public in and for State of Texas**

SHIRLEY NELL MCCLELLAN
Notary ID #6985122
My Commission Expires
September 21, 2025

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Smaranda Hobbs on behalf of Cynthia Castanon
Bar No. 24093492
shobbs@bushlawgrp.com
Envelope ID: 58489028
Status as of 10/26/2021 10:58 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew Yoo | | ajackson@bushlawgrp.com | 10/25/2021 10:14:29 AM | SENT |
| Charles Bush | | service@bushlawgrp.com | 10/25/2021 10:14:29 AM | SENT |
| Cynthia Castanon | | ccastanon@bushlawgrp.com | 10/25/2021 10:14:29 AM | SENT |
| Charles JonathanBush | | cbush@bushlawgrp.com | 10/25/2021 10:14:29 AM | SENT |
| Smaranda Hobbs | | shobbs@bushlawgrp.com | 10/25/2021 10:14:29 AM | SENT |

FILED
11/4/2021 9:54 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Lafonda Sims DEPUTY

Case 3:21-cv-02799-S   Document 1-3   Filed 11/10/21   Page 20 of 22   PageID 30

## CAUSE NO. DC-21-14823

| | | |
|---|---|---|
| **BILLIE JEAN HUFFMAN** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **WALMART INC. d/b/a** | § | |
| **WALMART SUPERCENTER #880** | § | **44TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Walmart Inc. formerly known as Wal-Mart Stores, Inc. (incorrectly sued, proper entity is Wal-Mart Stores Texas, LLC), Defendant in the above-entitled and numbered cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Defendant generally denies the allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and says this is a matter for jury decision.

### II. RULE 193.7 NOTICE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendant provides notice that it intends to use Plaintiff's production of all documents, tangible things and discovery items produced in response to discovery in any pre-trial proceeding or at trial.

### III. JURY DEMAND

Defendant further demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff take nothing by this suit, that Defendant recover its costs, and that Defendant have such other and further relief, both at law and in equity, to which it may be justly entitled.

**Respectfully submitted**,


**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5210 (direct phone)
(214) 220-5260 (direct fax)


By:          */s/ Stacy Hoffman Bruce*
     **STACY HOFFMAN BRUCE**
Texas Bar No. 24036793
sbruce@cobbmartinez.com
**BEVAN RHINE**
Texas Bar No. 24036265
brhine@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

     I certify a true and correct copy of this document has been forwarded to counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 4th day of November, 2021:

Charles Bush
Cynthia Castanon
Bush & Bush Law Group
3710 Rawlins Street, Suite 1420
Dallas, TX  75219
214.615.6394 / fax 833.817.6428
cbush@bushlawgrp.com
ccastanon@bushlawgrp.com
service@bushlawgrp.com


     */s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**
**BEVAN RHINE**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Sandi Mallon on behalf of Stacy Bruce
Bar No. 24036793
smallon@cobbmartinez.com
Envelope ID: 58847178
Status as of 11/5/2021 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles JonathanBush | | cbush@bushlawgrp.com | 11/4/2021 9:54:52 AM | SENT |
| Rhonda Herbert | | rherbert@bushlawgrp.com | 11/4/2021 9:54:52 AM | SENT |
| Cynthia Castanon | | ccastanon@bushlawgrp.com | 11/4/2021 9:54:52 AM | SENT |
| Charles Bush | | service@bushlawgrp.com | 11/4/2021 9:54:52 AM | SENT |
| Andrew Yoo | | ajackson@bushlawgrp.com | 11/4/2021 9:54:52 AM | SENT |
| Smaranda Hobbs | | shobbs@bushlawgrp.com | 11/4/2021 9:54:52 AM | SENT |
| Bevan Rhine | | brhine@cobbmartinez.com | 11/4/2021 9:54:52 AM | SENT |
| Missy Ramirez | | mramirez@cobbmartinez.com | 11/4/2021 9:54:52 AM | SENT |
| Sandi Mallon | | smallon@cobbmartinez.com | 11/4/2021 9:54:52 AM | SENT |
| Stacy H.Bruce | | sbruce@cobbmartinez.com | 11/4/2021 9:54:52 AM | SENT |